IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DERREK E. ARRINGTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-23-01087-JD |
| | ) |
| BUREAU OF PRISONS, DSCC, | ) |
| | ) |
| Respondent.[1] | ) |

# ORDER

Before the Court is the Report and Recommendation ("R. & R.") [Doc. No. 19] of United States Magistrate Judge Suzanne Mitchell, to whom this action was referred for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). *See* [Doc. No. 3]. Petitioner Derrek E. Arrington, appearing pro se, initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") [Doc. No. 1]. Mr. Arrington is currently serving his District of Columbia ("D.C.") parole violator sentence at FCI El Reno.

I.   **BACKGROUND**

In his Petition, Mr. Arrington asserts that the Federal Bureau of Prisons' ("BOP") Designation and Sentencing Computation Center ("DSCC") incorrectly applied 2,211 days of statutory good time credit toward his "full" sentence rather than toward his parole violator term, in violation of P5880.33, Chapter 17.6 of D.C.'s Sentence Computation

---

[1] Following this Order, and as discussed below, "FCI El Reno Warden" shall be substituted for Respondent.

Manual and his constitutional rights. Petition at 2, 6–7. He requests "immediate release" from custody. *See id.* at 7.

Respondent BOP DSCC filed a response and a motion to dismiss the Petition under Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 13]. Specifically, Respondent asserts that Mr. Arrington's Petition should be denied and dismissed because Mr. Arrington has named an improper respondent and because the BOP has properly applied Mr. Arrington's statutory good time credit toward his parole violator sentence.

Judge Mitchell recommends that the Court substitute the FCI El Reno Warden as Respondent and deny the Petition as meritless because the BOP has properly applied Mr. Arrington's good time credit toward his parole violator term as required for D.C. offenders. R. & R. at 2, 5–9.

Within the time limits authorized by the Court, Mr. Arrington objected to the R. & R. [Doc. No. 20]. Accordingly, the Court must make a de novo determination of any portion of the R. & R. to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Because Mr. Arrington is proceeding pro se, the Court liberally construes his filings. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

Upon de novo review of the issues presented, and for the reasons stated herein, the Court adopts the R. & R. [Doc. No. 19], which results in the denial of the Petition and a

dismissal with prejudice.[2] Additionally, the Court grants in part and denies in part Respondent's Motion to Dismiss [Doc. No. 13] and denies Mr. Arrington's Writ of Mandamus [Doc. No. 22] for the reasons stated herein. The Court also denies a certificate of appealability ("COA").

## II.    ANALYSIS

Mr. Arrington does not dispute Judge Mitchell's historical account of the prior proceedings, and the Court accepts that portion of the R. & R.[3] *See* R. & R. at 3–4. He also concedes that he was released on parole on July 13, 1998. [Doc. No. 20 at 2]. Mr. Arrington, however, continues to assert that "the BOP falsely awarded good time to the full length of [his] sentence 18 [years] in error," and that P5880.33, Chapter 17.6 clearly states that statutory good time is awarded to the parole violator term to be served. *See id.* at 3. The Court agrees with Judge Mitchell's analysis that it is not necessary to resolve Respondent's challenge to Mr. Arrington's Petition under the rubric of summary judgment, and the Court is free to dismiss the Petition on the merits where no claim for relief is stated. *See Whitmore v. Parker*, 484 F. App'x 227, 231–32 (10th Cir. 2012) (unpublished) (denying COA and dismissing appeal where the district court denied the

---

[2] *Cf. Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (explaining that if the "dismissal operates on the merits of the complaint, it will also ordinarily be entered with prejudice").

[3] Mr. Arrington has waived further review of all issues as to which no specific objection is made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060–61 (10th Cir. 1996).

petition on the merits). Here, Mr. Arrington appears to dispute the length of his actual parole violator term, rather than the BOP's application of the D.C.'s policy to that term.

Upon de novo consideration of the issues, the Court concludes that the United States Parole Commission ("Parole Commission") revoked Mr. Arrington's parole in a decision dated March 6, 2019, and Mr. Arrington was not given any credit for time spent on parole. [Doc. Nos. 13-1 at 42–43 and 17-1 at 1]. Additionally, the Parole Commission continued Mr. Arrington's incarceration "to the expiration of [his] sentence." *See id.* The National Appeals Board affirmed the Parole Commission's decision on June 11, 2019. [Doc. No. 13-1 at 50]. Mr. Arrington's parole violator sentence was the 6,733 days he had remaining when he was released on parole on July 13, 1998. [Doc. No. 13-1 at 1, 7, 20]. He was granted 88 days of credit for time served in jail between the end of his federal sentence and the execution of the parole violator warrant on August 21, 2018. [Doc. Nos. 1-1 at 8–9 and 13-1 at 27–28]. As a D.C. offender, Mr. Arrington earned 10 days per month in statutory good time credit, and the BOP applied 2,211 in statutory good time credit toward his parole violator sentence, which accelerated his presumptive release date to October 10, 2030, instead of October 29, 2036. [Doc. Nos. 1-1 at 8–9 and 13-1 at 67–68, 70]. The policy clearly states that statutory good time credit "to be awarded is based on the length of the [parole violator] term rather than on the length of the sentence from which paroled . . . ." [Doc. No. 13-1 at 70].

The BOP properly applied Mr. Arrington's good time credits to his parole violator term in accordance with the D.C. offender policy, and the Court cannot add further meaningful analysis to that already set forth by Judge Mitchell on this issue.

4

Additionally, the Court concurs with Judge Mitchell that the Warden of FCI El Reno should be substituted as Respondent. The United States Supreme Court has directed that § 2241 petitions should name the warden and that the district court in the place of confinement has jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). BOP's website shows Mr. Arrington currently incarcerated at FCI El Reno with an anticipated release date of October 10, 2029; thus, this Court has jurisdiction.

### III.   APPEALABILITY

The Tenth Circuit has held that a prisoner sentenced by the D.C. Superior Court, but housed in a federal penal institution at the time of filing a § 2241 petition challenging the BOP's computation of a term of imprisonment, must obtain a COA to pursue a § 2241 challenge to the Tenth Circuit. *See Smith v. Oliver*, 615 F. App'x 905, 906 (10th Cir. 2015) (unpublished) (citing *Eldridge v. Berkebile*, 791 F.3d 1239, 1241–42 (10th Cir. 2015)). A COA may issue only if Mr. Arrington "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

To satisfy this required showing, Mr. Arrington "must demonstrate that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Smith*, 615 F. App'x at 908 (internal quotation marks and citations omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met. *Cf. Smith*, 615 F. App'x at 909 (concluding that the petitioner could not make a substantial showing of the denial of a constitutional right where there was no error in the BOP's calculation of the petitioner's sentence).

5

Based on the Court's analysis and its adoption of the R. & R., Mr. Arrington cannot make the proper showing, and the Court therefore declines to issue a COA.

## IV.  CONCLUSION

Having carefully and thoroughly considered this matter under the de novo framework for the objections raised, and for the reasons discussed above, the Court:

(1) ADOPTS the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell [Doc. No. 19], which results in the denial of Mr. Arrington's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] and a dismissal with prejudice;

(2) GRANTS IN PART AND DENIES IN PART Respondent Bureau of Prisons' Response or Motion to Dismiss Petitioner's Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 13];

(3) DECLINES to issue a COA;

(4) DENIES Mr. Arrington's Writ of Mandamus [Doc. No. 22], in which Mr. Arrington asks the Court to transfer his case to the United States District Court for the District of Columbia or the Tenth Circuit Court of Appeals, because jurisdiction is proper before this Court; and

(5) SUBSTITUTES the Warden of FCI El Reno as Respondent in this action and DIRECTS the Clerk of Court to update Respondent on the Court's docket.

IT IS SO ORDERED this 9th day of September 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE